**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7537**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KARRI ADKINS,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:05-cr-00084-1)

Submitted:  February 7, 2012        Decided:  February 21, 2012

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Karri Adkins, Appellant Pro Se.  Gary L. Call, Monica Lynn
Dillon, John J. Frail, Steven Loew, Assistant United States
Attorneys, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karri Adkins appeals the district court's denial of the motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) (2006).[1] In denying the motion, the district court stated that "[t]he defendant received a two-point reduction in 2008, so the new crack cocaine guidelines do not reduce her sentence." At the time of the motion, Adkins's base offense level under the Sentencing Guidelines (determined by the quantity of crack cocaine attributable to her) was twenty-six.[2]

Pursuant to U.S. Sentencing Guidelines Manual § 1B1.10 (2011), when a defendant's applicable Guidelines range has been lowered by an amendment to the Guidelines, the district court may reduce the defendant's term of imprisonment pursuant to § 3582. This court reviews an order granting or denying a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). A district court abuses its discretion if it relies on an erroneous factual or

---

[1] Adkins was originally sentenced to 108 months' imprisonment after pleading guilty to distribution of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1) (2006). In 2008, the district court reduced her sentence to eighty-seven months' imprisonment pursuant to Amendment 706 to the Sentencing Guidelines.

[2] The sentence reduction in 2008 resulted in an amended offense level of twenty-eight under the Guidelines, which included a two-level enhancement for Adkins' use of a firearm.

legal premise.  DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008).

In the presentence investigation report ("PSR"), Adkins was held responsible for 31.59 grams of crack cocaine. At sentencing, the district court purported to adopt the PSR. It determined, however, that the drug amount in the PSR should be reduced by approximately seven grams.  It nonetheless stated merely that Adkins was responsible for at least twenty but less than thirty-five grams of crack cocaine.  The precise amount of crack cocaine for which Adkins was held responsible is thus ambiguous.

Under the Guidelines as amended pursuant to the Fair Sentencing Act of 2010, the base offense level for an offender responsible for twenty grams of crack cocaine is twenty-two, the base offense level for an offender responsible for at least 22.4 grams of crack cocaine is twenty-four, and the base offense level for an offender responsible for at least twenty-eight grams of crack cocaine is twenty-six.  USSG § 2D1.1(c)(7)-(9). It is therefore unclear from the current record whether Adkins is eligible for a sentence reduction pursuant to the recently-amended Guidelines.[3]  Because the record is insufficient to

---

[3] Amendment 750, which amended the Guidelines in accordance with the FSA, became retroactive on November 1, 2011.  USSG § 1B1.10(c) (2011).

3

determine Adkins' eligibility for a sentence reduction, we remand with instructions for the district court to make additional findings as to the amount of crack cocaine attributable to Adkins and, based on that finding, determine anew whether Adkins can or should benefit from Amendment 750.

Accordingly, we vacate the district court's order and remand for reconsideration of the § 3582 motion. The Clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4